# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES OF AMERICA**

**VS.**                                                                 **CRIMINAL NO. 2:09-CR-001**

**JIMMY STOKES**                                                        **DEFENDANT**

## MEMORANDUM OPINION DENYING
## DEFENDANT'S MOTIONS FOR ISSUANCE OF RULE 17(c) SUBPOENAS

Comes now before this Court, Defendant Jimmy Stokes ("Defendant") Motions for Issuance of Rule 17(c) Subpoenas. After reviewing the motions, responses, replies, rules, and authorities, the Court makes the following findings:

*A. Factual and Procedural Background*

Sometime before January 15, 2005, Defendant and other individuals allegedly devised a plan to defraud banks by depositing stolen or fraudulent checks into accounts and then transferring the money to the individuals participating in the scheme. Defendant's alleged participation in the scheme was to deposit the checks and then make distributions of the proceeds to others, retain his share and then claim to be a victim when the checks were determined to be fraudulent. Defendant deposited the checks to his personal and business accounts and then wired hundreds of thousands of dollars to others, while retaining hundreds of thousands of dollars as his share. After the two checks were determined to be fraudulent, Defendant claimed that the checks were for "investments" in his construction company and claimed that he was a victim. As a result of Defendant's alleged participation, he is charged with mail fraud, wire fraud, bank fraud and money laundering in connection with his alleged participation in a scheme to obtain $1,000,000 through the use of two fraudulent checks, each for $500,000.

The Defendant has filed three motions for issuance of Rule 17 (c) trial subpoenas to obtain records, reports, personnel files along with many other documents from Mound Bayou Housing Authority ("MBHA"), the Federal Insurance Corporation ("FDIC") and Region's Bank, former Union Planter's Bank ("Region's").

### B. Rule 17(c) Subpoena Standard

The United States Supreme Court has set out a four prong test that a party must satisfy in order for a court to issue a Rule 17(c) subpoena. Defendant Stokes has the burden in his motion of establishing that (1) the information he seeks is evidentiary and relevant, (2) that it is not otherwise procurable in advance of trial, (3) he cannot prepare for trial without the information, and (4) that his subpoenas would be issued in good faith and are not intended as a general "fishing expedition." United States v. Nixon, 418 U.S. 683, 698, 94 S. Ct. 3090, 41 1. Ed. 2d 1039 (1974); United States v. Lieberman, 608 F.2d 899, 904 (2d. Cir. 1979), *cert. denied* 444 U.S. 1019 (1980).

"While a Rule 17(c) subpoena duces tecum is a legitimate device to obtain evidentiary material, it was never intended to be a broad discovery device going beyond that which is required either by Rule 16 of the Federal Rules of Criminal Procedure or by Brady." United States v. Edwards, 191 F. Supp. 2d 88, 89 (D.C. 2002), *citing* United States v. Hardy, 224 F.3d 752 (8th Cir. 2000). Therefore, a subpoena should be quashed where a party is attempting to improperly use it as a discovery tool. Nixon, 418 U.S. at 698.

### C. Region's Subpoena

Defendant's motion for issuance of subpoena to Region's seeks "documents reflecting communications, memos, reports related to the alleged crimes"; "documents referencing security breaches, internal investigations, FDIC investigations, disciplinary actions, communication 'to and from' attorneys related to the scheme"; and "banking records of Kenneth Blockett,

Templebloc Construction, Inc., and Milton Tutwiler." In additional to the documents listed in the body of Defendant's motion, the Attachment to Region's Rule 17(c) Subpoena expands list of documents, records, communications, etc. to include a substantial amount of information.

The Government argues with the exception of Defendant's request for the bank's release of funds policies and procedures, the information Defendant seeks is neither evidentiary nor relevant.

### D. MBHA Subpeona

Defendant's motion for issuance of subpoena to MBHA's seeks "documents reflecting communications, memos, reports bid packages, etc. related to alleged crimes or bad acts by Kenneth Blockett, Milton Tutwiler, Willard Cooper, Chris Ross, Veronica Ross, Delanie Ross and/or Templebloc Construction (the "Partners") that may be ascertained through various documents submitted to the MBHA" and "documents referencing security breaches, internal investigations, government investigations, disciplinary actions, communication 'to and from' attorneys related to the Partners." In addition, the Attachment to MBHA Rule 17(c) Subpoena expands the list of things the subpoena seeks to include personnel files of MBHA employees, along with any document, etc. reflecting communication between MBHA and a list of people and companies.

### E. FDIC Subpeona

Defendant's motion for issuance of subpoena to the FDIC's seeks "documents reflecting communications, memos, reports, etc. related to FDIC's investigation of alleged fraudulent checks of Morry Karp and Children Charities of America deposited into the accounts of Jimmy Stokes and Stokes Construction" and "documents referencing security breaches, internal investigations, government investigations, disciplinary actions, communication 'to and from'

attorneys related to the Partners." In addition, the Attachment to FDIC Rule 17(c) Subpoena expands the list of things the subpoena seeks to include five years worth of bank records for Jimmy Stocks, Stokes Construction, Kenneth Blockett, Templebloc Construction, Inc, Templebloc, Inc, and Sharon and Frederick Thames. It also seeks the personnel files of employees and managers records along with many other documents and communications.

### F. Discussion

Due to the similar nature of the documents sought by each subpoena, the Court is of the opinion that all three motions can be addressed together. The Court finds that the list of documents, records, communications, etc. that Defendant seeks from Region's, MBHA and the FDIC are expansive and overly broad.

The first prong of the Nixon test requires that the Defendant establish that the materials sought are "evidentiary and relevant." *See* United States v. Nixon, 418 U.S. 683. The Court cannot issue subpoenas for records, documents, etc. without a "sufficient preliminary showing [that the requested material] contains evidence admissible with respect to the offenses charged." Nixon, 418 U.S. at 700. The Defendant has failed to establish that the vast amount of information sought is relevant to the issue of his alleged fraudulent intent to obtain proceeds procured by depositing two fraudulent checks. Thus, Defendant has failed to show the information is "evidentiary and relevant."

In addition, the Fifth Circuit requires that the materials be requested with adequate specificity. United States v. Arditti, 955 F.2d 331, 345 (5th Cir. 1992). The Defendant, in all three motions, used terms such as "any and all documents", "concerning or related to", "reflecting", "including but not limited to", "any attorney, officer, employee, member, representative and agent" in referencing the materials sought. The Court finds that the Defendant's request falls short of being made with adequate specificity.

Additionally, Defendant has failed to establish the second prong of the test that the information sought "it is not otherwise procurable in advance of trial by the exercise of due diligence." The Government acknowledged that it will give Defendant the bank policies and procedures as soon as it has received the same from the bank. As for the additional information sought, the Defendant has failed to satisfy the Court it is evidentiary and relevant.

Further, as stated above, the Defendant has not shown the Court how the requested broad and general materials are relevant to the issue of his alleged fraudulent intent in obtaining proceeds procured by depositing two fraudulent checks; therefore Defendant has failed to establish the third prong that he cannot prepare for trial without the information.

Last but not least, the immense amount of documents requested by Defendant in his three motions appear to be nothing more than an attempt to cast-out a net and see what he can pull back in, therefore, violating the fourth prong, that the subpoenas are "issued in good faith and are not intended as a general 'fishing expedition.'" The Court finds that the fourth prong directly reflects Defendant's inability to show the Court that the abundance of information he seeks is evidentiary and relevant.

### G. Conclusion

In sum, the Court finds that Defendant has failed to satisfy the four prong test set-forth in United States v. Nixon and for that reason, Defendant's three motions for Rule 17(c) subpoenas to Region's, MBHA and the FCIC will be denied. However, the Court will entertain a motion for Rule 17(c) subpoena which is more narrowly tailored and falls within the *Nixon* purview.

A separate order in accordance with this opinion shall issue this day.

This the 1st day of April, 2009.

_____
Senior Judge