UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                                                          CRIMINAL NO. 2:09cr001

JIMMY STOKES                                                                                          DEFENDANT

OPINION DENYING MOTION FOR INTERDIVISION TRANSFER

Presently before the Court is Defendant Jimmy Stokes' motion for interdivision transfer. After reviewing the motion, response, rules and authorities, the Court makes the following findings:

*A. Factual and Procedural Background*

The Defendant is a resident of Mound Bayou, Bolivar County, Mississippi. Bolivar County, Mississippi is located within the Delta Division. Union Planters Bank, wherein Defendant deposited the checks and wired the money from in order to carry-out the alleged scheme is located in Cleveland, Mississippi, which is also in Bolivar County. Therefore, this matter occurred in the Northern District of Mississippi Delta Division. As the Defendant correctly acknowledges, however, there is not a federal courthouse in the Delta Division.

On February 12, 2009, this cause was set for trial in Oxford, Mississippi. On May 11, 2009, Defendant filed the present motion to change venue, entitled Motion for Interdivision Transfer, requesting that the Court move the trial from its present Oxford, Mississippi setting to Greenville, Mississippi based on the fact that most witnesses live within 45 minutes of the Greenville, MS courthouse.

*B. Intradistrict Transfer Standards*

The Court first wants to acknowledge that Defendant requested an "interdivision" transfer. However, the caselaw in the Fifth Circuit uses the terms interdistrict and intradistrict.

There is an important distinction between intradistrict and interdistrict transfers: intradistrict is a transfer from one division to another division within the same district, i.e. Western Division to Greenville Division within the Northern District of Mississippi; interdistrict is from one district to another district, i.e. Northern District of Mississippi to the Southern District of Mississippi. The Court, therefore, will treat Defendant's motion for interdivision transfer as a motion for intradistrict transfer.

The Constitution only provides a defendant with the right to trial within the *district* where the defendant lives or the crime was committed; therefore, only interdistrict transfer implicates a Constitutional right. There is no basis for inferring the existence of a constitutional right to trial within the *division* where a criminal defendant lives or where a crime was committed. United States v. James, 528 F.2d 999, 1021 (5th Cir. 1976) (emphasis added) (noting that the Sixth Amendment makes "no reference to a division within a judicial district"); Lafoon v. United States, 250 F.2d 958, 959 (5th Cir. 1958).

Prior to 1966, Rule 18 of the Federal Rules of Criminal Procedure provided a statutory right to trial in the division where the offense allegedly occurred; however, in 1966 that statutory right was eliminated. Rule 18 of the Federal Rules of Criminal Procedure now states: "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." Fed.R.Crim.P. 18.

*C. Discussion*

There is no dispute that the trial must be held in the Northern District of Mississippi; however, there is no constitutional right to trial in a particular division within the Northern

2

District. United States v. Dickie, 775 F.2d 607 (5th Cir. 1985); Franklin v. United States, 384 F.2d 377 (5th Cir. 1967), *cert. denied*, 390 U.S. 954, 88 S.Ct. 1048, 19 L.Ed.2d 1147 (1968).

The Fifth Circuit has opined that in deciding the place of trial within the district, the court must balance the statutory factors of the convenience of the defendant and witnesses with the prompt administration of justice. United States v. Dickie, 775 F.2d 607, 609 (5th Cir. 1985); United States v. Alvarado, 647 F.2d 537 (5th Cir. 1981). As to this balancing of statutory factors, the district court is vested with broad discretion. Dickie, 775 F.2d at 609; *See also* Alvarado, 647 F.2d at 539. (A district court judge has "broad discretion in determining whether transfer is warranted.")

In Dickie, the Fifth Circuit reviewed the trial court's sua sponte change of venue and found, "[t]he district court in this case explicitly weighed these factors, finding that the transfer did not inconvenience the defendant, that it slightly inconvenienced some witnesses, and that it strongly promoted the prompt administration of justice by avoiding problems ... that would preclude compliance with the Speedy Trial Act, 18 U.S.C. § 3161(e)." Dickie, 775 F.2d at 610.

In the case sub judice, Defendant's argument in support of moving the trial from Oxford, Mississippi to Greenville, Mississippi is that it will be more convenient for the defendant and the witnesses in Greenville and the cost for trying the matter will likely be more expensive in Oxford.

In Chesson, the defendants made the same argument in their motion to change venue, "complain[ing] that the transfer impose[d] a burden, an added expense, and [wa]s inconvenient to them and their witnesses." In re Chesson, 897 F.2d 156, 158 (5th Cir. 1990). The Fifth Circuit held that "[c]onvenience is not an irrelevant factor. But it is not the only factor to be considered by the court in deciding where a criminal case is to be tried." Chesson, 897 F.2d at 158. The

3

Chesson Court concluded that the Chessons and the witnesses would be inconvenienced whether it was tried in Lake Charles or in Monroe. Id. Here, this Court is of the same opinion as Defendant and the witnesses in the present case will be inconvenienced by attending the trial whether it is tried in Oxford, Mississippi or Greenville, Mississippi.

Also, the Fifth Circuit, in U.S. v. McKinney, upheld the district court's denial of a similar motion for change of venue. See 53 F.3d 664 (5th Cir. 1995). In McKinney, the defendants filed motions for intradistrict change of venue from the Amarillo Division to the Wichita Falls Division due to the fact that most of the defendants and witnesses lived in Wichita Falls and because most of the acts alleged in the indictment occurred there and thus convenience and the prompt administration of justice required the trial be transferred to the Wichita Falls Division. U.S. v. McKinney, 53 F.3d 664, 673 (5th Cir. 1995). The district court denied the motions to change venue and the defendants appealed. The Fifth Circuit found the district court considered the appropriate factors, such as "the availability of suitable facilities for trial, the lack of availability of jail space in Wichita Falls to hold the four incarcerated defendants, and the incarcerated trial witnesses" and therefore, the denial of the motion to transfer was not an abuse of discretion. McKinney, 53 F.3d at 673.

The Court is of the opinion that the facilities in the Oxford, MS courthouse are better suited for the trial of this matter as it involves voluminous records and an extended duration. Furthermore, the only courtroom in Greenville, MS equipped with electronic equipment, which will be absolutely necessary due to the voluminous records which may be published to the jury, has a criminal trial scheduled to begin September 14, 2009. The present trial is projected to last ten (10) days and consequently will not be over by September 14, 2009. Further review of the Greenville, MS courtroom schedule reveals that there is not a ten day opening until after

February, 2010. In addition, the United States Courthouse in Oxford, Mississippi is equipped and designed to accommodate visiting Judges with adequate chambers and an electronic courtroom. The Federal Courthouse in Greenville, Mississippi is not so equipped.

The Court finds that Greenville, Mississippi does not have suitable facilities available within a timeframe which allows the prompt administration of justice. *See* U.S. v. Roberson, 124 Fed.Appx. 860, 864 (5th Cir. 2005) (*citing* United States v. Harris, 25 F.3d 1275, 1277-78 (5th Cir. 1994) (The Fifth Circuit upheld the district court's finding that there were "scheduling issues that made Oxford the more convenient venue to expeditiously handle the cases before it.")). The Court also notes that Oxford, Mississippi has a considerable number of affordable lodging and dining options.

Further, the district court is "not required to move the trial absent a strong showing of prejudice." United States v. Duncan, 919 F.2d 981, 985 (5th Cir. 1990) ("An intradistrict transfer is not required absent a strong showing of prejudice."); United States v. Malmay, 671 F.2d 869, 876 (5th Cir. 1982). *See also* Dickie, 775 F.2d at 609. Defendant did not present evidence of any prejudice or even suggest that he would be prejudiced if the trial remained in Oxford, Mississippi.

Accordingly, the Court is of the opinion that although the witnesses may be slightly more inconvenienced by trying this matter in Oxford, Mississippi instead of in Greenville, Mississippi, the prompt administration of justice requires that the matter remain in Oxford, Mississippi as scheduled.

## E. CONCLUSION

In sum, the Court finds, after balancing the statutory factors of the convenience of the defendant and witnesses with the prompt administration of justice, that Oxford is the appropriate venue in which to try this matter. Defendant's motion for interdivision (intradistrict) transfer shall be denied.

A separate order in accordance with this opinion shall issue this day.

This the 1st day of June, 2009.

/s/ Glen H. Davidson
Senior Judge