# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                                         CRIMINAL NO. 2:09CR001

JIMMY STOKES

## ORDER

Before the court are the defendant's motion for issuance of Rule 17(c) trial subpoena (# 36) and amended motion to extend the motions deadline (# 38). Having duly considered the motions and the record, the court rules as follows:

*Rule 17(c) Subpoena*

By this motion, the defendant seeks an order allowing him to subpoena records from Region's Bank he alleges are relevant to the charges in the indictment. Though the list of requested documents is shorter, the motion is almost identical to the one denied by this court in an Opinion and Order dated April 1, 2009 (# 35 & # 36). The court denied the prior request for the defendant's failure to make the adequate showing under *United States v. Nixon*, 418 U.S. 683 (1974). Under *Nixon*, the defendant has the burden to establish that (1) the information sought is evidentiary and relevant, (2) it is not otherwise procurable in advance of trial, (3) he cannot prepare for trial without the information, and (4) the subpoena would be issued in good faith and not intended as a general "fishing expedition." *Nixon*, 418 U. S. at 698.

First, the defendant has again failed to show that requested documents are evidentiary and relevant to the issue of his alleged fraudulent to procure proceeds by depositing the two subject checks. Indeed, the defendant has offered the court no guidance on how personnel records and a list of bank managers are relevant to the indictment. And, though he contends the requested documents

will be admissible under the business records exception to the hearsay rule, this argument is hardly applicable to a designation as broad as "all correspondence related to the deposited checks." Second, in response to the defendant's first request, the government represented that it has already furnished the defendant with "bank documents related to the two $500,000 checks, including copies of the checks, deposit slips, cash-in and cash-out tickets, and checks and records pertaining to the subsequent distribution of the proceeds of the $1,000,000 by wire transfers, withdrawals, transfers and checks" and "a chronology prepared by the bank pertaining to the deposits and distributions of the two $5000,000 checks." The government also acknowledged that it would give the defendant the bank policies and procedures he seeks as soon as it received the information from the bank. Third, because the defendant has failed to show that the documents are relevant to his defense, he cannot show that they are necessary for trial preparation. Lastly, the defendant's failure to identify with specificity some of the documents sought and his failure to explain the relevancy of others support the conclusion that his request for issuance of the subpoena is little more than an attempt to conduct a fishing expedition. Accordingly, the instant motion should be denied.

*Motion to File Motions After May 11*

The defendant seeks leave to file motions after the May 11 motions deadline. In support of this motion, the defendant states that if the court grants his motion for issuance of subpoena, he may need to file motions based upon newly discovered evidence. Additionally, the defendant states there may be a need to file motions after the motions deadline if the government fails to comply with its discovery obligations. Because the court herein denies the defendant's request for issuance of the subject subpoena and because he has made no real allegation that the government has failed to comply with its discovery obligations, the open-ended request for an extension of the motions

deadline is unreasonable and should be denied.

THEREFORE, IT IS ORDERED:

1. That the defendant's motion for issuance of a subpoena is DENIED; and

2. That the defendant's motion for an extension of the motions deadline is DENIED.

**SO ORDERED** this 22nd day of June, 2009.

                                               **/s/ David A. Sanders**
                                               U. S. MAGISTRATE JUDGE